UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 22-40065-tnap |
| CALIFORNIA PALMS ADDICTION ) | |
| RECOVERY CAMPUS, INC. ) | Bankruptcy Judge: Tiiara N.A. Patton |
| ) | |
| Debtor, ) | Chapter 11 (SubChapter V) |
| ) | |

**APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328 AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE LAW OFFICE OF JAMES VITULLO AND JAMES VITULLO AS COUNSEL FOR THE DEBTOR**

Debtor and Debtor-in-Possession, California Palms Addiction Recovery Campus, Inc., (the "Debtor") hereby applies to the Court for the entry of an order pursuant to sections 327(a) and 328 of title 11, SubChapter V, of the United States Code authorizing the employment and retention of the Law Office of James Vitullo and James Vitullo, Esq. (collectively, "Vitullo Law") as counsel for the Debtor (the "Application").

In support of this Application, the Debtor incorporates the James Vitullo statement (the "Vitullo Statement") and further respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

1

**BACKGROUND**

2. On January 30, 2022 (the "Petition Date"), the Debtor commenced a case under title 11, SubChapter V, of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**BANKRUPTCY CODE**

3. The Debtor for the past five years operated a substance use and addiction treatment facility and was one of the largest facilities in Ohio comprising five percent of all treatment beds in Ohio. The business was treating over 100 clients per day with a staff of 50 until October 2022.

4. Three events impacted the business and will be addressed in litigation in the restructuring of the business, (a) the unlawful revocation of the facilities license without any process by the Ohio MHAS, the agency that licensed the facility, (b) the unlawful seizing of the facilities funds, without any notice hearing or process by the federal government, based on deficiencies from Ohio MHAS over two years ago and which are unrelated to alleged over-billing, and (c) the breach of contract by the land owner, Pender Capital, which prevented Debtor from closing on a permanent loan to purchase the facility.

5. On January 29, 2016, the Debtor retained, subject to Court approval, James Vitullo and Law Office of James Vitullo as bankruptcy legal counsel [Docket No. 1-13]

and the Debtor believes James Vitullo has the specialized knowledge, skill, and experience to aid the Debtor in its reorganization process.

**BASIS FOR RELIEF**

6. By this Application, the Debtor seeks authority to retain James Vitullo as counsel pursuant to section s 327(a) and 328 of the Bankruptcy Code. As set forth in detail below, Vitullo Law and James Vitullo meet the requirements provided by the Bankruptcy Code for retention. Under section 327(a), a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a).

As required by Bankruptcy Rule 2014(a), this Application and the Vitullo Statement set forth: (a) the specific facts showing the necessity for Vitullo Law's employment; (b) the reasons for the Debtor's selection of Vitullo Law as restructuring counsel in connection with this chapter 11 case; (c) the professional services to be provided by Vitullo Law; (d) the arrangement between the Debtor and Vitullo Law with respect to compensation (as well as the reasonableness thereof); and (e) to the best of the Debtor's knowledge, the extent of Vitullo Law's connections, if any, to certain parties in interest in these matters.

**VITULLO'S QUALIFICATIONS**

7. Vitullo Law has the necessary experience to effectively respond to the broad range of issues that have arisen and will continue to arise in the context of this chapter 11

3

(SubChapter V) case. Vitullo Law is an established corporate attorney well qualified to represent the interests of the Debtor in this case.

Vitullo Law has significant skills, knowledge, and experience with the Debtor and has been the Debtor's counsel for the past five years. Before filing the Petition Vitullo Law represented Debtor in the pending appeal with Pender Capital before the Seventh District (Case No. 2022-MA-0004) and other litigation against Pender Capital for usury; and represented Debtor in a pending on administrative appeal against Ohio Mental Health and Addiction Services in Mahoning County Court of Common Pleas, case no. 2021-cv-1832;

8. Vitullo Law was retained by the Debtor on January 29, 2022 [Docket No. 1-13], subject to Court approval, and is familiar with the Debtor's business and financial affairs. The Debtor engaged Vitullo Law to help plan and implement the Debtor's restructuring and to serve as general bankruptcy counsel in connection with this chapter 11 case. Vitullo Law has the necessary background to deal effectively with the full range of potential legal issues and problems that may arise in the context of this case.

### SERVICES TO BE PROVIDED

9. Employment of Vitullo Law as Debtor's restructuring counsel, pursuant to the terms of this Application, is appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor and debtor in possession and to implement a successful restructuring of their business operations and financial affairs. The Debtor anticipates that Vitullo Law will:

a. advise the Debtor with respect to its powers and duties as a debtor in possession in the continued management and operation of its business;

b. attend meetings and negotiate with representatives of the lender, creditors, and other parties in interest and advise and consult on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

c. assist the Debtor with amendment, if necessary, of the Schedules of Assets and Liabilities and Statements of Financial Affairs;

d. advise the Debtor in connection with any necessary post-petition financing arrangements and negotiate and draft documents related thereto;

e. advise the Debtor, if necessary, in connection with any contemplated sale of assets, business combination, including negotiating agreements, formulating and implementing appropriate procedures with respect to the closing of any such transactions, and counseling the Debtor in connection with such transactions;

f. advise the Debtor on matters related to the evaluation of the assumption, rejection or assignment of unexpired leases and executor contracts;

g. advise the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business, if necessary, including attending senior management meetings, meetings with the Debtor's financial advisors and meetings of investors;

h. take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of actions commenced against it, negotiations concerning all litigation in which the Debtor is involved and objecting to claims filed against the Debtor's estate, if appropriate;

i. prepare on the Debtor's behalf, all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

j. negotiate and prepare, on the Debtor's behalf, a plan of reorganization, disclosure statement and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

k. attend meetings with third parties and participate in negotiations with respect to the above matters;

l. appear before this Court, any appellate courts and the United States Trustee and protect the interests of the Debtor's estate before such courts and the United States Trustee;

m. represent Debtor in pending appeal with Pender Capital before the Seventh District (Case No. 2022-MA-0004);

n. represent Debtor in an adversary proceeding against Pender Capital for breach of contract and other claims for damages that will be filed as an adversary in this proceeding;

o. represent Debtor in pending on administrative appeal against Ohio Mental Health and Addiction Services in Mahoning County Court of Common Pleas, case no. 2021-cv-1832;

p. represent Debtor in federal complaint to be filed case against Ohio Mental Health and Addiction Services seeking declaratory and injunctive relief; and

q. perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case, including but not limited to banking, financial services, employee, and corporate matters.

6

10. Vitullo Law is ready and willing to render the necessary professional services as attorney for the Debtor.

### DISINTERESTEDNESS

11. Vitullo Law does not hold or represent any interests adverse to the estate and qualifies as a disinterested person. The Vitullo Statement is incorporated herein by reference and discloses that Vitullo Law has no connections to the Debtor and parties in interest in this case. In reliance on the Vitullo Statement, the Debtor believes that Vitullo Law does not hold or represent any interest adverse to the Debtor's estate and is a "disinterested person," as that term is defined in Bankruptcy Code § 101(14) as modified by Bankruptcy Code § 1107(b), with respect to matters for which Vitullo Law is to be retained. To the best of the Debtor's knowledge, information, and belief, based on the Vitullo Statement, Vitullo Law does not have any connection, pre-petition or otherwise other than as set forth herein, with the Debtor, its creditors, its estate, the United States Trustee or any person employed in the office of the United States Trustee for Region 9, or any other party in interest, their respective attorneys and accountants.

12. Accordingly, the Debtor has been advised that Vitullo Law satisfies the requirements of Bankruptcy Rule 2014.

### COMPENSATION

13. In accordance with Vitullo Law's engagement by the Debtor, Vitullo Law received a $10,000 retainer [Docket No. 1-13] to be applied on the legal fees to be allowed in this proceeding.

14. If retention is approved, Vitullo Law will provide the Debtor with periodic invoices for services rendered and expenses incurred. During the course of this chapter 11 case, the issuance of periodic invoices will constitute requests for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of this chapter 11 case.

15. For professional services in this case, Vitullo Law's hourly fee is two hundred dollars ($200) per hour. Vitullo Law will seek reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtor in this case. Vitullo Law intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in this chapter 11 case in accordance with the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Ohio, and any other related orders or procedures that may be fixed by the Court.

16. Vitullo Law will charge the Debtor for expenses incurred, including, computerized research, messengers, postage, witness fees and other fees related to meetings, trials and hearings (if any). Vitullo will not charge for travel time to hearings.

17. Vitullo Law agrees to accept as compensation such sums as may be allowed by the Court on the basis of: (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

18. Other than as set forth above, no arrangement is proposed between the Debtor and Vitullo Law for compensation to be paid in this case.

19. The Debtor believes that the retention of Vitullo Law is in the best interest of the Debtor, its estate, creditors and member interest holders and that the fee structure is fair and reasonable. Vitullo Law is both well qualified able to represent the Debtor effectively and efficiently in this chapter 11 case. Accordingly, the Debtor requests that Vitullo Law's retention as legal counsel be approved and made effective to January 30, 2022.

20. The Debtor anticipates that Vitullo Law will file interim and final fee applications as required by the Bankruptcy Code.

### NOTICE

21. Notice of this Application will be provided to: (a) the Office of the United States Trustee for the Northern District of Ohio; (b) the Debtor's top twenty unsecured creditors; (c) and any party that has requested service of papers in this case.

WHEREFORE, the Debtor requests that the Court enter an order: (a) authorizing the Debtor's retention and employment of Law Office of James Vitullo and James Vitullo upon the terms outlined in this Application; and (b) granting such other relief as is just and proper.

Debtor and Debtor in Possession

_/s/ Sebastian Rucci_  
Sebastian Rucci, CEO/President  
California Palms Addiction Recovery Campus, Inc.

Date: February 10, 2022

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 22-40065-tnap |
| CALIFORNIA PALMS ADDICTION ) | |
| RECOVERY CAMPUS, INC. ) | Bankruptcy Judge: Tiiara N.A. Patton |
| ) | |
| Debtor, ) | Chapter 11 (SubChapter V) |
| ) | |

**STATEMENT OF JAMES VITULLO**

James Vitullo, under penalty of perjury, states:

1. I am the owner of Law Office of James Vitullo which operates at 5232 Nashua Drive, Youngstown, Ohio 44515. I submit this Statement pursuant to 11 U.S.C. §§ 327, 328 and 329 and Federal Rules of Bankruptcy Procedure 2014 and 2016 in support of the Application for an Order Pursuant to 11 U.S.C. §§ 327(a) and 328 Authorizing the Retention and Employment of Law Office of James Vitullo and James Vitullo as Counsel for the Debtor, Nunc Pro Tunc to January 30, 2022. I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

### QUALIFICATIONS

2. I have the necessary experience to effectively respond to the broad range of issues that have arisen and will continue to arise in the context of this chapter 11 (SubChapter V) case involving. I am an established attorney qualified to represent the interests of the Debtor in this case. I have skills and knowledge to handle this corporate chapter 11 (SubChapter V) case.

1

3. I have been corporate counsel for the Debtor for the past five years and handled the litigation which will be the foundation of the restructuring. The Debtor operated a substance use and addiction treatment facility and was treating over 100 clients per day with a staff of 50 until October 2022. Three events halted the business and will be addressed in the restructuring of the business. (One) The unlawful revocation of the facility's license without any process by the Ohio MHAS, the agency that licensed the facility. (Two) The unlawful seizing of the facility's funds without any notice, hearing or process by the federal government based on deficiencies from Ohio MHAS which occurred over two years and are unrelated to alleged over-billing, and (c) the breach of contract by the land owner, Pender Capital, which prevented Debtor from closing on a permanent loan to purchase the facility.

4. I was retained by the Debtor on January 29, 2021 subject to Court approval. I have represented the Debtor for five years as its corporate counsel and before the Petition I was representing the Debtor in the pending appeal with Pender Capital before the Seventh District (Case No. 2022-MA-0004); I will represent Debtor in an adversary proceeding against Pender Capital for breach of contract and other claims for damages to be filed as an adversary in this proceeding; I represent Debtor in a pending on administrative appeal against Ohio Mental Health and Addiction Services in Mahoning County Court of Common Pleas, case no. 2021-cv-1832; I will represent Debtor in a federal complaint which was prepared two months ago for filing against Ohio MHAS seeking declaratory

2

and injunctive relief. I gained familiarity with the Debtor's business and financial affairs over the past five years. The Debtor engaged me to help plan and implement the Debtor's restructuring and to serve as general bankruptcy counsel in connection with this chapter 11 (SubChapter V) case. I have the necessary background to deal effectively with the full range of potential legal issues and problems that may arise in the context of this case.

B. **Services to be Provided**

5. I anticipate that I will:

a. advise the Debtor with respect to its powers and duties as a debtor in possession in the continued management and operation of its business;

b. attend meetings and negotiate with representatives of the lender, creditors, and other parties in interest and advise and consult on the conduct of this chapter 11 (SubChapter V) case, including all of the legal and administrative requirements of operating in chapter 11;

c. assist the Debtor with amendment, if necessary, of the Schedules of Assets and Liabilities and Statements of Financial Affairs;

d. advise the Debtor in connection with any necessary post-petition financing arrangements and negotiate and draft documents related thereto;

e. advise the Debtor, if necessary, in connection with any contemplated sale of assets, business combination, including negotiating agreements, formulating and

3

implementing appropriate procedures with respect to the closing of any such transactions, and counseling the Debtor in connection with such transactions;

    f. advise the Debtor on matters related to the evaluation of the assumption, rejection or assignment of unexpired leases and executor contracts;

    g. advise the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business, if necessary, including attending senior management meetings, meetings with the Debtor's financial advisors and meetings of investors;

    h. take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of actions commenced against it, negotiations concerning all litigation in which the Debtor is involved and objecting to claims filed against the Debtor's estate, if appropriate;

    i. prepare, on the Debtor's behalf, all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

    j. negotiate and prepare, on the Debtor's behalf, a plan of reorganization, disclosure statement and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

    k. attend meetings with third parties and participate in negotiations with respect to the above matters;

    l. appear before this Court, any appellate courts and the United States Trustee and protect the interests of the Debtor's estate before such courts and the United States Trustee;

4

22-40065-jpg    Doc 29    FILED 02/12/22    ENTERED 02/12/22 10:19:03    Page 13 of 16

m. represent Debtor in pending appeal with Pender Capital before the Seventh District (Case No. 2022-MA-0004);

n. represent Debtor in an adversary proceeding against Pender Capital for breach of contract and other claims for damages that will be filed as an adversary in this proceeding;

o. represent Debtor in pending on administrative appeal against Ohio Mental Health and Addiction Services in Mahoning County Court of Common Pleas, case no. 2021-cv-1832;

p. represent Debtor in federal complaint to be filed case against Ohio Mental Health and Addiction Services seeking declaratory and injunctive relief; and

q. perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case, including but not limited to banking, financial services, employee and corporate matters.

6. I am ready and willing to render the necessary professional services as attorney for the Debtor.

### DISINTERESTEDNESS

7. I do not hold or represent any interests adverse to the estate and qualify as a disinterested person. Specifically, I hold no connections to the Debtor and parties in interest in this case and am a "disinterested person," as that term is defined in Bankruptcy Code § 101(14) as modified by Bankruptcy Code § 1107(b). I do not have any connection, pre-petition or otherwise, with the Debtor, its creditors, its estate, the United States Trustee, or

any person employed in the office of the United States Trustee for Region 9, or any other party in interest, their respective attorneys and accountants.

Accordingly, I satisfy the requirements of Bankruptcy Rule 2014.

## COMPENSATION

8. I have not received any form of retainer or other form of payment from the Debtor for work performed or to be performed in this case other than as indicated.

9. If retention is approved, I will provide the Debtor with periodic invoices for services rendered and expenses incurred. During the course of this chapter 11 (SubChapter V) case, the issuance of periodic invoices will constitute requests for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of this chapter 11 (SubChapter V) case.

10. For professional services in this case, my hourly fee is two hundred dollars ($200) per hour.

11. I will seek reimbursement of actual and necessary expenses incurred in connection with representing the Debtor in this case.

12. I intend to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in this chapter 11 (SubChapter V) case in accordance with the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Ohio, and any other related orders or procedures that may be fixed by the Court.

13. I will charge the Debtor for expenses incurred, including, computerized research, messengers, postage, witness fees and other fees related to meetings, trials and hearings (if any). I will not charge for travel time to attend hearings.

14. I agree to accept as compensation such sums as may be allowed by the Court on the basis of: (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

15. Other than as set forth above, no arrangement is proposed between me, Law Office of James Vitullo, and the Debtor for compensation to be paid in this case.

Dated this 11th day of February, 2022.

*/s/ J Vitullo*

James Vitullo, Esq.