# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>California Palms Addiction Recovery Campus, Inc.<br><br>　　　　　　　　　　　　Debtor. | Case No. 22-40065 (JPG)<br><br>Chapter 11<br><br>Judge John P. Gustafson |

## MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)

Andrew R. Vara, the United States Trustee for Regions 3 & 9 (the "United States Trustee"), by and through his undersigned counsel, respectfully moves this Court to enter an order converting the above-captioned case pursuant to 11 U.S.C. § 1112(b). In support of this motion, the United States Trustee states as follows:

### PRELIMINARY STATEMENT

California Palms Addiction Recovery Campus, Inc. (the "Debtor") is essentially a non-operating entity. It formerly operated as a healthcare facility providing services relating to mental health and addiction recovery. The Debtor filed this case after its bank accounts were seized in a civil forfeiture action commenced by the United States of America, after the Ohio Department of Mental Health and Addiction Services revoked its license to provide services, and on the eve of eviction from its primary location. Although purporting to currently operate as a "sober house," the Debtor has no income in connection with these operations and has no employees. The Debtor's only source of income at this point is the collection of accounts receivable generated in connection with services it provided prior to the revocation of its license. The Debtor deposits these receivable collections into a bank account over which neither the Debtor nor its principal has control—

1

ostensibly to avoid the funds being seized by the government. The Debtor's diversion of its only source of cash constitutes gross mismanagement and a substantial and continuing diminution of the estate. Further, Debtor has no meaningful likelihood of rehabilitation because of the revocation of its license needed to operate its facility. For these reasons, the case should be converted to chapter 7.

## I. JURISDICTION

1. Under (i) 28 U.S.C. § 1334, (ii) applicable orders of the United States District Court for the Northern District of Ohio issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the issues raised in this limited objection.

## II. BACKGROUND

**A.** <u>**The Bankruptcy Case**</u>

4. On January 30, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code. Docket No. 1.

5. On February 2, 2022, the United States Trustee appointed Frederic P. Schwieg as

2

the subchapter V trustee. Docket No. 7.

6. On February 10, 2022, the United States Trustee conducted an Initial Debtor Interview (the "IDI"). John Weaver, an analyst with the United States Trustee, conducted the IDI. Sebastian Rucci, the Debtor's principal, attended on behalf of the Debtor, in addition to Debtor's counsel.

7. The chapter 11 meeting of creditors is scheduled for March 10, 2022. Docket No. 17.

**B.      Prior Related Bankruptcies**

8. Mr. Rucci is or was the managing member of California Palms, LLC. California Palms, LLC was the former owner of the property located at 1051 N. Canfield-Niles Road, Austintown, Ohio (the "Austintown Property"), which is the primary location of the Debtor's operations. That Austintown Property is now owned by Pender Capital Asset Based Lending Fund I, LP ("Pender Capital").

9. California Palms, LLC previously filed a petition for relief pursuant to chapter 11 of the Bankruptcy Code in this Court on February 27, 2019. Case No. 19-40267 (the "Prior Case"). This Court ultimately dismissed the Prior Case pursuant to California Palms, LLC's joint motion with Pender Capital. *Id.* at Docket Nos. 100, 117, 120.

10. California Palms, LLC then filed a second petition for relief pursuant to chapter 11 of the Bankruptcy Code in this Court on November 29, 2019 ("Second Case"). Case No. 19-42174. On December 12, 2019, Pender Capital filed a motion to dismiss. *Id.* at Docket No. 20. On January 14, 2020, this Court found that the Second Case was filed in bad faith pursuant to 11 U.S.C. § 1112(b) and, accordingly, dismissed the case. *Id.* at Docket No. 42. California Palms,

LLC appealed the order dismissing the Second Case; however, the appeal was dismissed for non-prosecution on July 28, 2020. *Id.* at Docket No. 58.

C.      **Civil Forfeiture, License Revocation, and State Court Litigation**

11.     On October 7, 2021, the United States government seized approximately $603,902.82 in assets of the Debtor after an investigation revealed that the Debtor was improperly billing Medicaid for services not actually rendered. On January 11, 2022, the United States of America through the U.S. Attorney for the Northern District of Ohio filed a complaint in forfeiture seeking a judgment condemning the Debtor's assets and forfeiting them to the United States and providing that the assets be delivered to the custody of the United States for disposition according to law. *United States of America v. $582,932.89 in Funds Seized on October 7, 2021, From Farmers National Bank Account No. XXXX9874, Pursuant to the Execution of a Federal Seizure Warrant et. al.*, No. 22-CV-00057 (N.D. Ohio filed Jan. 11, 2022).

12.     On October 28, 2021, the Ohio Department of Mental Health and Addiction Services revoked the Debtor's license to provide services. The Debtor has appealed the license revocation determination, and its request for a stay of the revocation of its license pending appeal was denied. *California Palms Addiction Recovery Campus, Inc. v. Ohio Dep't of Mental Health and Addiction Services*, Mahoning C.P. No. 2021-CV-01838 (Oct. 28, 2021). Upon information and belief, the Debtor has not been operational as a mental health and addiction recovery facility since on or about October 28, 2021. The Debtor purports that it is currently operating as a "sober house." Case No. 22-40065, Docket No. 1-9 at 7.

13.     As detailed in Pender Capital's motion filed February 7, 2022, Mr. Rucci and his entities have an extensive history of litigation involving Pender Capital, the entity seeking the

Debtor's eviction. Those litigation proceedings to date have resulted in the scheduled eviction of the Debtor from the Austintown Property on January 31, 2022. However, the Debtor filed bankruptcy on January 30, 2022 to avoid that eviction.

D.   **Debtor's Schedules and Initial Debtor Interview**

14.   On the Debtor's *Schedule A/B: Assets—Real and Personal Property* ("Schedule A/B"), when asked to list the Debtor's cash and cash equivalents under part 1, the Debtor lists only two Farmers Bank accounts that were seized pursuant to a forfeiture action. Docket No. 1 at 10. These funds were seized pursuant to a forfeiture action filed by the United States of Attorney for the Northern District of Ohio. When asked to list the Debtor's deposits and prepayments under part 2, the Debtor only references a $500,000 payment to Pender Capital. *Id.* at 11. The Debtor lists $86,572 in outstanding accounts receivable. *Id.*

15.   At the IDI, Mr. Rucci stated that as of the Petition Date, the Debtor had no employees and generated no revenue from any operations. He also informed the United States Trustee that since November of 2021, the Debtor has deposited prepetition funds into a Peoples Bank account of a non-debtor third party entity that is operated by Dean Albenze.[1] Mr. Rucci stated that he has no signatory authority on this entity's bank account. The Debtor's only apparent relationship with this non-debtor entity is that the Debtor has used its account to deposit funds and pay the Debtor's expenses since November of 2021.

---

[1] Mr. Rucci's statements at the IDI created confusion as to which entity's bank account the Debtor has been depositing funds into since November of 2021. Until the United States Trustee receives the requested bank statements showing the Debtor's deposits since its license was revoked, the United States Trustee cannot state with certainty into which account the estate's funds are being deposited.

## III. RELIEF REQUESTED

16. The Debtor's case should be converted or dismissed pursuant to section 1112(b)(1) of the Bankruptcy Code:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for **cause** unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (emphasis added).

17. Pursuant to 11 U.S.C. § 1112(b)(4), "cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" (11 U.S.C. § 1112(b)(4)(A)) or "gross mismanagement of the estate" (11 U.S.C. § 1112(b)(4)(B)). Either factor alone constitutes sufficient cause for conversion or dismissal.

18. Once cause is established, the Court must either convert or dismiss the case, or the Court may appoint a Chapter 11 trustee if it determines that the appointment would be in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1).

*There is a Continuing Loss and Diminution of the Estate and Lack of*
*<u>Reasonable Likelihood of Rehabilitation</u>*

19. As to the continuing loss and diminution of the estate, all the Debtor's funds were seized on October 7, 2021, and because the Debtor is no longer operating, its only income is outstanding accounts receivable. Further, the Debtor presumably has continued to deposit its only source of funds into a non-debtor entity's bank account post-petition, further demonstrating a continuing loss of the estate.

20. The Debtor lacks a reasonable likelihood of rehabilitation, as without a

reinstatement of its license, the Debtor cannot generate income. Therefore, the only future prospect for the Debtor is a continuing loss and diminution of the estate.

*Gross Mismanagement of the Estate*

21. Debtor has grossly mismanaged the estate. The Debtor has deposited funds into a third-party bank account since November 2021 and presumably has continued to do so post-petition, as the Debtor has yet to open debtor-in-possession bank accounts. The Debtor's diversion of estate assets to a third-party account over which it has no control whatsoever constitutes gross mismanagement of the estate.

22. The United States Trustee believes that conversion, not dismissal, is appropriate in this case. Due to (1) the Debtor's lack of operations and income on account of the revocation of its license, (2) the Debtor's use of a third-party entity's bank account placing assets outside of the scope of creditors post-petition, and (3) the Debtor's and Mr. Rucci's history of litigation as detailed in Pender Capital's motion filed February 7, 2022 and the Court's order dismissing California Palms LLC's Second Bankruptcy, the United States Trustee asserts that conversion is in the best interest of creditors of the estate.

23. The United States Trustee reserves all rights, remedies, and obligations to, amongst other things, complement, supplement, augment, alter, substitute and/or modify this motion and to conduct any and all discovery as may be required or deemed necessary, and to assert such other grounds as may become apparent.

[Remainder of page intentionally left bank.]

**WHEREFORE**, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order converting this case pursuant to 11 U.S.C. § 1112(b) and for such further relief as the Court deems appropriate.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: */s/ Kate M. Bradley*
Kate M. Bradley (0074206)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
201 Superior Avenue East, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-7800
Fax: (216) 522-7193
Email: kate.m.bradley@usdoj.gov

and

*/s/ Lauren C. Schoenewald*
Lauren C. Schoenewald (0097694)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
201 Superior Avenue East, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-7800 ext. 250
Fax: (216) 522-7193
Email: lauren.schoenewald@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, a true and correct copy of the foregoing *Motion of the United States Trustee to Convert Chapter 11 Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Trevor G Covey    tcovey@beneschlaw.com, docket2@beneschlaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Joshua Ryan Vaughan    jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- James A. Vitullo    jamesavitullo@gmail.com
- Kate M. Bradley ust44    kate.m.bradley@usdoj.gov
- Lauren Schoenewald ust47    lauren.schoenewald@usdoj.gov

And by regular U.S. Mail, postage prepaid, to:

California Palms Addiction Recovery Campus, Inc.
1051 N. Canfield-Niles Road
Austintown, OH 44515

By:    */s/ Lauren C. Schoenewald*
Lauren C. Schoenewald (0097694)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
201 Superior Avenue East, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-7800 ext. 250
Fax: (216) 522-7193
Email: lauren.schoenewald@usdoj.gov