UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>California Palms Addiction Recovery Campus, Inc.,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 22-40065-jpg<br><br>Judge John P. Gustafson |

**PENDER CAPITAL ASSET BASED LENDING FUND I, LP'S OBJECTION TO APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328 AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE LAW OFFICE OF JAMES VITULLO AND JAMES VITULLO AS COUNSEL FOR THE DEBTOR**

Pender Capital Asset Based Lending Fund I, LP ("Pender") hereby objects to the *Application for an Order Pursuant to 11 U.S.C. §§ 327(a) and 328 Authorizing the Retention and Employment of the Law Office of James Vitullo and James Vitullo as Counsel for the Debtor* (Dkt. No. 29) (the "Retention Application") and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Court should render the Retention Application moot by granting Pender's *Motion for an Order (I) Granting Relief from the Automatic Stay; (II) Providing that the Debtor Shall Not Be a Debtor in Possession or, Alternatively, Converting this Case to a Case under Chapter 7; and (III) Holding Attorney James A. Vitullo Personally Liable for Pender's Costs and Expenses* (Dkt. No. 15) (the "Motion for Relief"). Pender hereby incorporates its Motion for Relief by reference. Supplanting the Debtor and its principal, Sebastian Rucci, in favor of a chapter 7 trustee is the most appropriate course of action.

2. If the Court is inclined to consider the Retention Application, the Court should deny it on its merits. Mr. Vitullo is not a disinterested person. He is almost certainly a creditor of the estate or the recipient of avoidable transfers by virtue of his prepetition representations of the Debtor, including in ongoing matters. Additionally, Mr. Vitullo also currently represents the

Debtor's principal, Sebastian Rucci, in other matters, although the Retention Application fails to disclose them. The Retention Application also fails to disclose that Mr. Vitullo has previously represented other Rucci-controlled entities, including the entity that the Debtor has identified as its largest creditor in this case, California Palms, LLC. The estate is entitled to an attorney with the singular goal of achieving the best result for the estate and its creditors as a whole, but the interests of Rucci and his other entities are likely to diverge from the interests of the estate as a whole, putting Mr. Vitullo in a conflicted situation. Finally, it is not clear that Mr. Vitullo has the competency or expertise necessary to serve as counsel to a chapter 11 debtor. The Retention Application offers no specific facts to demonstrate any such expertise. For these reasons, and as discussed in more detail below, the Court should deny the Retention Application.

## FACTS

**I.  Mr. Vitullo's Prepetition Representations of the Debtor.**

3.  Mr. Vitullo states that he "has been the Debtor's counsel for the past five years." (Retention Application ¶ 7; *id.* at Statement of J. Vitullo ¶ 3). Some of Mr. Vitullo's representations of the Debtor began prepetition and are currently ongoing, as the Debtor and Mr. Vitullo admit. (Retention Application ¶ 7; *id.* at Statement of J. Vitullo ¶ 4).

4.  Notwithstanding these representations of the Debtor, the Retention Application does not disclose any prior payments made to Mr. Vitullo. The Debtor's schedules also do not identify Mr. Vitullo as a recipient of preferential payments. (*See* Sched. 9 Form, Statement of Fin. Affairs, Dkt. No. 1-9, p. 2). It is unlikely that Mr. Vitullo provided his services to the Debtor *pro bono*. The Retention Application states that "Vitullo Law received a $10,000 retainer to be applied on the legal fees to be allowed in this proceeding," and Vitullo proposes to charge $200/hour if

2

22-40065-jpg    Doc 57    FILED 02/28/22    ENTERED 02/28/22 18:01:09    Page 2 of 10

retained. (Retention Application ¶¶ 13, 15; *id.* at Statement of J. Vitullo ¶¶ 8, 10).[1] Again, however, the Retention Application provides no details as to when that retainer was paid, who paid it, how it was applied, or what the Debtor's account with Mr. Vitullo was at the time.

### II. Mr. Vitullo's Current and Prior Representations of the Debtor's Sole Officer, Director, and 100% Shareholder and Debtor Affiliates.

5. The Retention Application does not disclose Mr. Vitullo's current and prior representations of Rucci and other non-Debtor Rucci Parties.

6. Mr. Vitullo is currently representing Rucci personally in a lawsuit by Duke Capital LLC, in which he filed papers on behalf of Rucci as recently as January 10, 2022 (*See* Dkt., *Duke Capital, LLC v. California Palms Addiction Recovery Campus, Inc, et al.*, Case No. 2021-cv-01863, Mahoning Cty Comm. Pleas Ct., attached hereto as **Exhibit A**).[2] The Debtor identifies Rucci as the Debtor's "CEO/President" and the only officer, director, managing member, general partner, member in control, controlling shareholder, or other person in control of the Debtor as of the Petition Date. (*See* Sched. 9 Form, Statement of Fin. Affairs, Dkt. No. 1-9, p. 13; *see also* Res. to File Bankr., Dkt. No. 1-14 (corporate resolution signed by only Rucci)). The Debtor's tax returns identify Rucci as the owner of 100% of the Debtor's voting stock. (Sched. 5 Form, Exec. Contr., Dkt. No. 1-15, p. 8).

---

[1] The Debtor did not disclose this retainer payment in its statement of financial affairs. (*See* Sched. 9 Form, Statement of Fin. Affairs, Dkt. No. 1-9, p. 5). Additionally, although the Retention Application proposes that Mr. Vitullo receive $200/hour for his work as counsel to the Debtor, he previously certified that he has agreed to accept the $10,000 that he previously received as payment for "all aspects of the bankruptcy case, including…adversary proceedings and other contested matters," as well as other cases, with no exclusions. (Discl. of Atty Comp., Dkt. No. 1-13, p. 2).

[2] Although the Debtor is also a defendant in this litigation, neither Duke Capital nor this litigation are disclosed in the Debtor's schedules.

7. Moreover, Mr. Vitullo has a long history of representing Rucci personally in numerous matters, many of which are detailed in Pender's Motion for Relief.

8. The Retention Application does not disclose any of Mr. Vitullo's representations of Rucci or non-Debtor Rucci Parties. Specifically, among other things, the Retention Application fails to disclose Mr. Vitullo's prior representations of California Palms, LLC, which the Debtor identifies as the largest creditor in this bankruptcy case. (Sched. 5 Form, Cred. with Unsecured Cl., Dkt. No. 1-5, p. 2; Sched. 10 Form, List of Creds., Dkt. No. 1-10).

9. Rather than disclose these conflicts, the Retention Application contains sworn statements to the opposite. The Debtor (by Rucci) states:

> To the best of the Debtor's knowledge, information, and belief, based on the Vitullo Statement, ***Vitullo Law does not have any connection, pre-petition or otherwise other than as set forth herein, with the Debtor, its creditors***, its estate, the United States Trustee or any person employed by the office of the United States Trustee for Region 9, ***or any other party in interest***, their respective attorneys and accountants.

(Retention Application ¶ 11 (emphasis added)).

10. Likewise, Mr. Vitullo states,

> ***I do not have any connection, pre-petition or otherwise, with the Debtor, its creditors***, its estate, the United States Trustee, or any person employed in the office of the United States Trustee for Region 9, ***or any other party in interest***, their respective attorneys and accountants.

(*Id.* at Statement of J. Vitullo ¶ 7 (emphasis added)).

### III. Mr. Vitullo's Competency and Expertise in Bankruptcy Law.

11. The Retention Application also fails to describe any facts to support the conclusory contention that Mr. Vitullo has the experience necessary to serve as bankruptcy counsel in this matter. (*See* Retention Application ¶¶ 7-8; *id.* at Statement of J. Vitullo ¶¶ 2-4). The Retention Application does not identify a single case in which Mr. Vitullo has served as bankruptcy counsel to a debtor, or any case in which Mr. Vitullo has represented any party in a bankruptcy proceeding.

4

**OBJECTION**

**I.     Legal Standards Applicable to the Retention Application.**

12.     Mr. Vitullo seeks to be retained under section 327(a) of the Bankruptcy Code. Section 327(a) allows a debtor in possession to retain an attorney to assist it with carrying out its duties under the Bankruptcy Code, so long as the attorney does not "hold or represent an interest adverse to the estate," is a "disinterested person[]," and the Court approves the retention under the applicable legal standards. 11 U.S.C. § 327(a).

13.     Section 327(a) is meant "to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *In re RKC Dev. Corp.*, 205 B.R. 869, 872 (Bankr. S.D. Ohio 1997) (internal quotations and alterations omitted). Consequently, "[i]n examining retention requests, the Court must be mindful to preserve the integrity of the bankruptcy process, guard against potential conflicts, address actual conflicts and ensure that debtor's counsel is primarily concerned with the best interests of the estate and not their own financial interests or interests of others they may represent." *Id.*

14.     Additionally, "in determining whether to grant or deny approval of the attorney selected by the trustee or debtor in possession pursuant to Section 327(a), the Court must consider whether the selection is in the best interest of the estate, and whether the appointment will aid in the administration of the proceeding." *In re Doors & More Inc.*, 126 B.R. 43, 45 (Bankr. E.D. Mich. 1991) (citations omitted). This includes, but is not limited to, determining whether the proposed counsel has the requisite "strong knowledge of the technical requirements of the bankruptcy code," and whether the retention comports with all applicable ethical and disciplinary regulations. *In re Wiley Brown & Assocs., LLC*, 2006 WL 2390290, at *4 (Bankr. M.D.N.C. Aug. 14, 2006); *In re Doors & More*, 126 B.R. at 45.

15. To aid the Court and the parties in determining whether the proposed counsel meets the standards required by section 327(a), Bankruptcy Rule 2014 requires the debtor in possession and its proposed counsel to make various disclosures. Specifically, Rule 2014 requires that a retention application state the "specific facts" showing, among other things,

> the necessity for the employment…the reasons for the selection…any proposed arrangement for compensation and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys, accountants, the United States Trustee, or any person employed in the office of the United States Trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

16. The applicant must disclose "both actual and potential conflicts of interest in order to avoid even the appearance of conflict." *In re 419 Co.*, 133 B.R. 867, 869 (Bankr. N.D. Ohio 1991) (internal quotations omitted).

17. It is the applicant's "burden to come forward with facts pertinent to eligibility and to make full, candid and complete disclosure." *Id.* (internal quotations omitted); *see also In re RKC Dev. Corp.*, 205 B.R. at 872 ("It is absolutely essential that…there be timely, accurate and complete disclosure in retention papers.").

**II. The Retention Application Must be Denied.**

18. The Retention Application does not satisfy the applicable requirements. Mr. Vitullo is not disinterested and Mr. Vitullo's retention is not in the best interests of the estate.

**A. Mr. Vitullo is Not Disinterested.**

19. Mr. Vitullo is not disinterested for at least two reasons. First, it is almost certain that Mr. Vitullo is either a creditor of the estate or the receipt of a preferential transfer. Either is disqualifying. *See, e.g.*, 11 U.S.C. § 101(14) (definition of "disinterested person" includes a person

6

who is "not a creditor"); *In re 419 Co.*, 133 B.R. at 869 (denying retention where proposed counsel's "prepetition relationship resulted in the creation of a possible preference action").

20. Mr. Vitullo states that he has represented the Debtor on various matters over the last five years. (Retention Application ¶ 7; *id.* at Statement of J. Vitullo, p. 11, ¶ 3). Several of these matters are recent, or ongoing. (*See* Retention Application ¶ 7) (discussing representations in pending appeals)). Thus, Mr. Vitullo is likely either owed money by the Debtor or has received payments from the Debtor in the 90 days preceding the Petition Date, and thus is not disinterested. The Retention Application's failure to address these points only reinforces the deficiencies in the Mr. Vitullo's proposed retention.

21. Second, Mr. Vitullo is not disinterested because he currently represents the Debtor's sole officer, director, and shareholder, Sebastian Rucci, and Mr. Vitullo has a long history of representing Rucci and other entities controlled by Rucci, including the entity that the Debtor claims is its largest creditor. These current and prior representations create a conflict of interest. Among other things, the estate may have claims against the Rucci Parties, and Rucci's personal interests may diverge from the best interest of the estate and its creditors. It is uncertain whether Mr. Vitullo's actions will be intended to serve Rucci personally or the interests of the estate generally. "Having to divide one's allegiance between two clients is what Section 327 attempts to prevent." *In re Roger J. Au & Son, Inc.*, 101 B.R. 502, 505 (Bankr. N.D. Ohio 1989). Consequently, courts in this district have denied retention applications on similar facts. *See id.* ("[Proposed attorney's] representation of the debtor in one case and the sole shareholder in the other case creates the appearance of, if not an actual, conflict of interest."); *see also, e.g.*, *In re Wiley Brown & Assocs.*, 2006 WL 2390290, at *4 ("It is a conflict of interest to represent a debtor

and an owner of the debtor."). Again, moreover, the Retention Application fails to disclose these disqualifying facts.

### B. Retaining Mr. Vitullo is Not in the Estate's Best Interests.

22. Retaining Mr. Vitullo is also not in the estate's best interests, for several reasons. First, as discussed, Mr. Vitullo is conflicted due to his financial relationship with the Debtor and his long history of representing Rucci and other Rucci Parties creates significant questions as to whether this case can be conducted in the estate's interests.

23. Second, Mr. Vitullo has not met his burden to show that he is a competent chapter 11 practitioner. This case has significant operational and financial issues, including the Debtor's recent loss of a requisite certification from the State of Ohio, the estate's lack of cash, the Debtor's recent loss of its primary source of funds (Medicaid), the lack of any right to possess the real property in which it has conducted its business, numerous pending litigations, criminal investigations of Rucci, and other issues. For these reasons, Pender submits that the best outcome for the estate is to convert this case to chapter 7. In any event, "[o]nly an attorney with expert knowledge of bankruptcy law can properly aid in the administration of the case." *In re Doors & More*, 126 B.R. at 46; *see also In re Wiley Brown & Assocs.*, 2006 WL 2390290, at *6 (same). The Retention Application is devoid of any specific facts that would show Mr. Vitullo's expertise in bankruptcy law. Of course, "[o]ne of the most efficient methods for determining whether an attorney has competence to be appointed chapter 11 counsel is to look at the attorney's performance in previous cases." *In re Wiley Brown & Assocs.*, 2006 WL 2390290, at *6. But Mr. Vitullo does not identify even a single previous case in which he served as bankruptcy counsel to a chapter 11 debtor.

## RESERVATIONS OF RIGHTS

24. Pender reserves all rights to amend or supplement this objection, take discovery if necessary, and assert such further arguments or grounds for objection as may become apparent.

## CONCLUSION

WHEREFORE, Pender respectfully requests that the Court deny the Retention Application and grant Pender such other relief as is just and appropriate.

Dated:  February 28, 2022                     Respectfully Submitted,

*s/ Trevor G. Covey*
Trevor G. Covey (0085323)
Allyson R. Cady (0098830)
**BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: tcovey@beneschlaw.com
       acady@beneschlaw.com

-and-

Michael J. Barrie (*pro hac vice*)
William M. Alleman, Jr. (*pro hac vice*)
**BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP**
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone:  302.442.7010
Facsimile:  302.442.7012
Email:  mbarrie@beneschlaw.com
        walleman@beneschlaw.com

*Attorneys for Pender Capital Asset Based Lending Fund I, LP*

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, a true and correct copy of the foregoing *Pender Capital Asset Based Lending Fund I, LP's Objection to Application for an Order Pursuant to 11 U.S.C. §§ 327(a) and 328 Authorizing the Retention and Employment of the Law Office of James Vitullo and James Vitullo as Counsel for the Debtor* was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- United States Trustee, (Registered Address)@usdoj.gov

- James A. Vitullo, jamesavitullo@yahoo.com, proposed Attorney for Debtor

- Joshua Ryan Vaughan, Amer Cunningham Co., L.P.A., One Cascade Plaza, Suite 1510, Akron, OH 44308, jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM, HouliECF@aol.com, Attorney for the State of Ohio, Bureau of Workers Compensation, Department of Job and Family Services, and Department of Taxation

- Frederic P. Schwieg, 2705 Gibson Drive, Rocky River, OH, 44116, fschwieg@schwieglaw.com, Subchapter V Trustee

- Kate M. Bradley ust44, United States Department of Justice, Office of the U.S. Trustee, 201 Superior Ave. East, Suite 441, Cleveland, OH 44114 kate.m.bradley@usdoj.gov, Attorney for United States Trustee

- Lauren C. Schoenewald, United States Department of Justice, Office of the U.S. Trustee, 201 Superior Ave. East, Suite 441, Cleveland, OH 441, lauren.schoenewald@usdoj.gov, Attorney for United States Trustee

*s/ Trevor G. Covey*
Trevor G. Covey (0085323)
**BENESCH, FRIEDLANDER,**
 **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: tcovey@beneschlaw.com