**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>California Palms Addiction Recovery Campus, Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 22-40065-jpg<br><br>Judge John P. Gustafson<br><br>Re: Dkt. No. 219 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PENDER CAPITAL ASSET BASED LENDING FUND I, LP TO SEBASTIAN RUCCI'S MOTION TO COMPEL ABANDONMENT OF ALLEGED CLAIMS**

Pender Capital Asset Based Lending Fund I, LP ("Pender") hereby submits this limited objection and reservation of rights (the "Objection") to the *Motion Seeking that the Chapter 7 Trustee Abandon Claims Against Pender, OMHAS and United States, or in the Alternative an Order Granting Debtor Relief to Join Claims Against Pender, OMHAS, and U.S.* [Dkt. No. 219] (the "Motion to Compel Abandonment"), filed by Sebastian Rucci. In support of this Objection, Pender respectfully states as follows:

1. Pender previously set forth the extensive history between itself, the Debtor, and the Debtor's principal, Sebastian Rucci ("Rucci"), in its *Motion for Relief from Stay*. *See* Dkt. No. 15. To avoid belaboring those facts, Pender incorporates Paragraphs 7 through 69 of that Motion for Relief from Stay as if fully restated herein. *Id.* at ¶¶ 7-69.

2. As an initial matter, it is unclear whether Mr. Rucci brings the Motion to Compel Abandonment individually in his capacity as a purported equity holder of Debtor California Palms Addiction Recovery Campus, Inc. (the "Debtor") or on behalf of the Debtor. Mr. Rucci indisputably cannot act on behalf of the Debtor. Thus, for purposes of this Objection, Pender assumes Mr. Rucci brings the Motion to Compel Abandonment in his individual capacity as a purported equity holder of the Debtor.

1

3. The Motion to Compel Abandonment should be denied for at least three reasons.

4. *First*, the Motion to Compel Abandonment is moot in light of the Chapter 7 Trustee's intention to abandon all of the assets of the Debtor's estate except for (a) the personal property which will transferred to Pender and (b) the cash in the Debtor's debtor-in-possession bank account. *See* Dkt. Nos. 222 (Chapter 7 Trustee's Motion for Authority to Settle Controversy; Motion to Sell Personal Property Free and Clear of Liens, Encumbrances and Other Interests; Motion to Abandon Certain Other Property of this Estate) and 229 (Chapter 7 Trustee's Response to the Motion to Compel Abandonment).

5. *Second*, abandoning such claims will serve no purpose as Mr. Rucci and the Debtor have—on multiple occasions—waived all alleged claims against Pender. *See, e.g., In re California Palms, LLC*, Case No. 19-40267-jpg, *Order Approving Compromise*, entered June 18, 2019. To be clear, no such claims exist, but for purposes of considering the Motion to Compel Abandonment, those alleged claims were waived in any event.

6. *Third*, any recovery flowing from the litigation of the alleged claims against Pender would inure only to Pender's benefit, not the Debtor or Mr. Rucci. In its settlement with the Chapter 7 Trustee, Pender explicitly reserved all rights to asserts its claims against the Debtor, its estate, and Mr. Rucci except for purposes of a distribution in this case:

> This is a partial resolution of the disputed Administrative Claim in this bankruptcy proceeding only, and shall not be deemed a determination in any regard as to the validity, priority[,] amount and extent of Pender's Administrative Claim or General Unsecured Claim. *Pender reserves all rights and defenses with respect to such claims and nothing in this compromise shall be construed as barring Pender's claims and defenses, whether under the doctrines of res judicata, collateral estoppel, any other preclusion doctrine, or otherwise, in any other court of competent jurisdiction.* To the contrary, this resolution resolves only the treatment of Pender's Administrative Claim and Pender's General Unsecured Claim by the bankruptcy estate in this bankruptcy case.

*See* Dkt. No. 222 (emphasis added). Thus, any recovery would be offset by Pender's current or future judgments against the Debtor, its affiliates, and Mr. Rucci.

7. Pender reserves all rights, claims, and defenses with respect to any abandoned assets in this or any other action.

WHEREFORE, the Pender respectfully requests that the Court sustain the Objection, deny the Motion to Compel Abandonment, and grant such other and further relief as is just and appropriate.

Dated: December 27, 2022

Respectfully submitted,

**BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP**

*s/ Allyson R. Cady*
Trevor G. Covey (0085323)
Allyson R. Cady (0098830)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: tcovey@beneschlaw.com
       acady@beneschlaw.com

-and-

Michael J. Barrie (*pro hac vice*)
Kevin M. Capuzzi (*pro hac vice*)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: 302.442.7010
Facsimile: 302.442.7012
Email: mbarrie@beneschlaw.com
       kcapuzzi@beneschlaw.com

*Attorneys for Pender Capital Asset Based Lending Fund I, LP*